TICE *v.* SCHOOL-DISTRICT No. 18, ADAMS COUNTY.

*(Circuit Court, D. Nebraska. 1883.)*

BILL TO VACATE JUDGMENT—LIMITATION.

    A bill in chancery brought to vacate a judgment obtained in a court of law, and to order a new trial, takes the place of the ordinary petition for a new trial, provided for by the Code of Civil Procedure of this state, and must be brought within one year from the rendition of the judgment sought to be vacated.

In Equity.

*Harwood & Ames,* for plaintiff.

*O. B. Hewett,* for defendant.

DUNDY, D. J. The complainant in this case filed his bill on the sixth day of February, 1882. The object of the suit and the prayer of the bill is to vacate a judgment heretofore rendered in this court, on the ground of newly-discovered evidence, so that the cause may be tried again upon its merits. An inspection of the record shows that on the twentieth day of December, 1879, this plaintiff commenced an action at law against this defendant in this court for the purpose of recovering on certain bonds claimed to have been issued by the defendant to aid in building a school-house for the benefit of the district. The execution of the bonds and all liability thereon was denied by the district. A jury was duly waived, and a trial was thereupon had upon the merits of the controversy. In the trial the issues were determined in favor of the defendant, and the suit was

then dismissed at the costs of this complainant. This trial was had and the judgment rendered on the —— day of November, 1880. In that trial the members of the school board were all witnesses, and, it may be proper to say, were the principal witnesses. The plaintiff relied upon their testimony, in a great measure, to sustain his cause of action. These witnesses were the school board at the time the bonds bear date, and are the same persons whose names appear on the bonds as members of the school board, and who, as the plaintiff claims, issued the bonds in behalf of the school-district. This complainant now claims to have been taken by surprise to see how little, how *very* little, the said school board knew of the circumstances connected with the issuing of the bonds then in suit. Viewed in the light of subsequent developments, this *surprise* seems to be well founded, and if timely movement had been made in the right direction, the complainant would have been entitled to the relief sought in this action.

The view that I take of this proceeding makes it unnecessary to discuss the character of the new testimony which the complainant claims to have discovered since the first trial, and which he was unable to produce thereat. If what is claimed by complainant in that regard be true, then, certainly, the newly-discovered testimony would have been very material for the complainant when his cause was tried on its merits.

The Code of Civil Procedure of this state has abolished the distinction between actions at law and actions in chancery. But it is fair to presume, and I, therefore, assume, that under it all individual wrongs can be redressed, and all rights maintained, providing, as it does, a complete remedy for all sorts of grievances, whether real or imaginary. Where a cause has been tried upon its merits, and a judgment has been rendered, the judgment so rendered may be reviewed or modified or vacated, and a new trial had, under certain circumstances, and on such terms as may seem to be just. Where errors are committed during the progress of a trial the injured party has full opportunity to have the errors complained of corrected in the court where the errors may be committed. If judgment goes against a party who may feel aggrieved, and he afterwards discovers new, important, and material testimony that he knew not of, and could not discover by using due diligence in time to produce such testimony on the first trial, he may then file a petition for a new trial; but this must be done within one year from the rendition of the judgment sought to be vacated by filing such petition. The complainant, in this

case, has resorted to the familiar practice of filing his bill in equity to vacate the judgment complained of, instead of relying on the Code practice in that behalf. The right to do so must be upheld. In analogy there is but slight difference in the two modes of proceeding, and, after much thought and a careful consideration of the whole subject, I am unable to discover any good and sufficient reason why either mode of proceeding cannot be maintained. I must hold, then, that the filing of the bill, in this and similar cases, simply takes the place of the petition for a new trial provided for by the said Code of Civil Procedure, and must be governed, at least to some extent, by that Code. It seems to be the recent policy of the laws of the United States to conform the proceedings in the federal courts to the practice prevailing in the state courts. There is much good reason in this. After all, the laws of the state are administered in the federal about the same as they are in the state courts, and there is no apparent reason why there should be any difference in results to be attained in resorting to either. The same *rights* are recognized in both. The same limitations and restrictions are recognized and enforced in both. And the only difference to be observed in enforcing, upholding, or maintaining either, is in the *manner* of doing it. That is the application of the remedy provided to accomplish the same results.

Applying this principle to the present case will require the dismissal of suit, though the bill is in many respects a meritorious one. Had it been filed in time, I doubt not the judgment complained of would have been overturned for reasons stated in the bill. But statutes limiting the time within which new trials may be granted, must be looked on with great favor, and their beneficial results must not be denied to those for whose benefit they were enacted. This suit was not commenced until 14 or 15 months after the rendition of the judgment sought to be vacated. As the complainant seeks to have the judgment complained of annulled on the ground of newly-discovered evidence, which might have lead to a different result had the same been produced on the trial, it is my deliberate judgment that his application comes too late; and that, to entitle him to the relief sought in this action, it was necessary for him to file his bill to vacate the judgment complained of within one year from the date of entering the same.

The bill must, therefore, be dismissed; and it is so ordered.